UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WILSON, | No. 2:13-cv-2509 DAD P |
| Petitioner, | |
| v. | ORDER |
| ERIC ARNOLD, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis and a motion for the appointment of counsel.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at this time.

////

////

1

1   "[A] claim for relief in habeas corpus must include reference to a specific federal
2   constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief."
3   Gray v. Netherland, 518 U.S. 152, 162-63 (1996).  See also Rule 2(c), Rules Governing § 2254
4   Cases.  In his second ground for federal habeas relief petitioner alleges he received ineffective
5   assistance of counsel in connection with proceedings ultimately resulting in him being convicted
6   of possession of a controlled substance in a prison facility.  (See Petition (Doc. No. 1) at 8.)
7   However, the petition before the court contains no factual allegations explaining what petitioner's
8   counsel did or did not do in defending him against the charge that allegedly constituted
9   ineffective assistance.  Rather, petitioner states only that his defense counsel failed to conduct a
10  reasonable investigation and failed to require the prosecution prove every element of the offense
11  charged.  (Id.)  Although that allegation suffices to specify a constitutional guarantee, it does not
12  sufficiently apprise the court or respondent of the facts that, if true, would entitle petitioner to
13  relief under § 2254.  Instead, petitioner's submitted factual statement recites only the
14  circumstances that led to his being charged with the underlying offense.  The petition does not
15  provide any specific allegations about defense counsel's performance.  More factual information
16  about defense counsel's conduct is necessary for petitioner to proceed on the claim that his lawyer
17  rendered ineffective assistance in violation of the Sixth Amendment.
18  These pleading deficiencies require that the petition be dismissed without prejudice.  The
19  petitioner will be granted thirty days from the entry of this order in which to file an amended
20  petition that alleges the specific constitutional violations and the supporting facts that, if proven,
21  would entitle him to habeas relief.  Petitioner is advised that vague or conclusory claims for relief
22  may result in summary dismissal of the amended petition.  See Hendricks v. Vazquez, 908 F.2d
23  490, 491 (9th Cir. 1990); Rule 4, Rules Governing § 2254 Cases.
24  Finally, petitioner if forewarned that, if he chooses to file an amended petition, the court
25  will examine it according to the same screening standards it has applied to his original petition.
26  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make
27  plaintiff's amended petition complete.  Local Rule 220 requires that an amended pleading be
28  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

amended complaint or petition supersedes the original.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once petitioner files an amended petition, the original no longer serves any function in the case.  Therefore, in an amended petition, as in an original petition, each habeas claim and the factual bases underlying it must be sufficiently alleged.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis (Doc. No. 5).

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order.

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition."

4. The motion for appointment of counsel (Doc. No. 2) is denied.

5. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

Dated:  April 10, 2014

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
wils2590.114