UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WILSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ERIC ARNOLD,<br><br>　　　　　Respondent. | No. 2:13-cv-2590 KJM DAD P<br><br><br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner is a state prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a judgment of conviction entered against him pursuant to his plea of guilty entered on July 5, 2012, in the Amador County Superior Court on charges of attempted possession of a controlled substance in a prison facility. He seeks federal habeas relief on the following grounds:  (1) his conviction was not supported by sufficient evidence; (2) his trial counsel rendered ineffective assistance; and (3) he is not guilty of the offense of which he was convicted.  Upon careful consideration of the record and the applicable law, the undersigned recommends that petitioner's application for habeas corpus relief be denied.

**I. Background**

　　　　On August 31, 2011, Correctional Officer R. Guillena discovered several bindles of suspected marijuana in the visitor restrooms at Mule Creek State Prison.  (ECF No. 7 at 21.)

Officer Guillena had conducted the search of the restrooms based on petitioner's apparent "eagerness" to clean the visiting room. (Id.) Officer Guillena confiscated the bindles and placed them in an evidence locker. (Id. at 42.)

The next day, on September 1, 2011, Sergeant Dominguez created replicas of the confiscated bindles and placed the replicas where the original bindles had been. (Id.) Sergeant Dominguez then began monitoring the video surveillance system to observe petitioner cleaning the visiting room. (Id.) He saw petitioner "step into each respective restroom and exit to the main visiting floor where [petitioner] appeared to continue his cleaning duties." (Id.) Two correctional officers then reported to the visiting room to apprehend petitioner. When petitioner saw these officers, he "placed his hands directly into the waistband of his pants and began quickly moving toward the inmate restroom." (Id.) Petitioner was ordered to get down on the ground, whereupon he was placed in handcuffs. (Id.) Sergeant Dominguez asked petitioner, "Where is it?" Petitioner responded, "it is in my left front pocket." (Id.) Sergeant Dominguez discovered the three replicated bindles in "the front left pocket of the grey sweat shorts worn under [petitioner's] state issued blue jeans." (Id.)

The original bindles discovered by Officer Guillena were subsequently tested and were found to contain marijuana. (Id. at 17.) Petitioner was charged in the Amador County Superior Court with two felonies: attempting to bring drugs into a state prison (Count 1), and attempted possession of illegal substances in a prison facility (Count 2). (Resp't's Lod. Doc. 4.) It was also alleged that petitioner had suffered two prior serious felony convictions. (Id.)

Petitioner subsequently pled guilty to attempted possession of illegal substances in a prison facility and was sentenced to four years in state prison, to run consecutively to the prison term he was already then serving. (Id.) Petitioner did not file an appeal of his judgment of conviction on the attempted possession of illegal substances in a prison facility charge.

**II. Standards of Review Applicable to Habeas Corpus Claims**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or

application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Greene v. Fisher, ___ U.S. ___, ___, 132 S. Ct. 38, 44 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, ___ U.S. ___, ___, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, ___ U.S. ___, ___, 132 S. Ct. 2148, 2155 (2012)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court

precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 412. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of

4

the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, ___ U.S. ___, ___, 133 S. Ct. 1088, 1091 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. This court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." 562 U.S. at 102. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

**III. Petitioner's Claims**

In his habeas petition, petitioner raises several challenges to his conviction for attempted possession of an illegal substance in a prison facility. In his first ground for relief, petitioner claims that the evidence was insufficient to support his conviction on that charge because it "clearly shows a compromise of evidence leading to premature judgment." (ECF No. 7 at 6-7.)[1] In this regard, petitioner argues that "all reports refute rather than support the charges . . . ." (Id.) In his second ground for relief, petitioner claims that his trial counsel rendered ineffective assistance in failing to "state on the record" that petitioner was never found in possession of a controlled substance. (Id. at 8.) Petitioner also argues that his trial counsel failed to show that petitioner was not involved in a "distribution network" to bring drugs into the prison, and that the evidence against petitioner was somehow "compromised." (Id.) In his third ground for relief, which petitioner entitles "possession of controlled substance," he appears to be claiming that the evidence did not support his conviction because he was never actually found to be in possession of a controlled substance since the replacement bindles found on his person did not contain contraband marijuana. (Id. at 9-10.)

In his traverse, petitioner explains his version of the underlying facts as follows:

> On August 31, 2011, Correctional Sergeant Dominguez, created replicas of bindles. On September 1, 2011, then staged a crime scene by placing the replica's in the visitors [sic] restrooms and called petitioner to come clean the restricted areas. Whereby, petitioner discovered the replicas and put them in his pocket. Afterward Sergeant Dominguez conducted a clothed body search of Petitioner and did not find marijuana in petitioner's possession only the replicas of the bindles he created and placed in the visitor's restroom.

(ECF No. 28 at 13.) Petitioner notes that the actual contraband marijuana was seized on August

---

[1] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

6

31, 2011, the day before he cleaned the restrooms and was apprehended by correctional officers. (Id.)

Petitioner raised these same three claims in habeas petitions he filed in the Amador County Superior Court, the California Court of Appeal for the Third Appellate District, and the California Supreme Court. Citing the decision in In re Duvall, 9 Cal.4th 474-75 (1995), the Amador County Superior Court denied the petition filed in that court on the grounds that petitioner's allegations failed to establish a prima facie case for relief. (Resp't's Lod. Doc. 1.) Petitioner's habeas petitions filed in the California Court of Appeal and California Supreme Court were summarily denied. (Resp't's Lod. Docs. 2, 3.)

All three of petitioner's claims relate to events that occurred prior to the entry of his plea of guilty to the charge for which he was convicted. The law is clear that a petitioner may not raise claims of deprivation of his constitutional rights that occurred prior to the entry of a guilty plea. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). See also McMann v. Richardson, 397 U.S. 759, 770-71 (1970); Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994) ("As a general rule, one who voluntarily pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations"), overruled on other grounds by Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003); Ortberg v. Moody, 961 F.2d 135, 137 (9th Cir. 1992) ("petitioner's nolo contendere plea precludes him from challenging alleged constitutional violations that occurred prior to the entry of that plea"); Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir. 1985) (a voluntary and intelligent guilty plea precludes federal habeas relief based upon "independent claims" of pre-plea constitutional violations). Under these circumstances, a prisoner may attack only the voluntary and intelligent character of his guilty plea in habeas proceedings. Ortberg, 961 F.2d 135 at 137. To the extent that a petitioner in such circumstances seeks to claim that he received ineffective assistance of counsel premised on his attorney's allegedly faulty advice, he may do so only based upon that advice as it related to the decision to

enter his guilty plea. Any ineffective assistance claims relating to other, earlier actions by his counsel are barred by the holding in Tollett v. Henderson. See Moran, 57 F.3d at 700.

In his traverse, petitioner clarifies that all of his claims concern the ineffectiveness of his trial counsel with regard to the entry of his plea. He argues that his trial counsel's advice to him to plead guilty was "incompetent" because counsel failed to "evaluate and make appropriate inquiries and investigations into the facts of possible available defenses." (ECF No. 28 at 2.) Petitioner explains that he met his trial counsel for the first and only time at the time set for his preliminary hearing. (Id. at 6.) At that time, counsel advised petitioner that the District Attorney had "a plea bargain on the table for four years," and that if petitioner did not accept the deal that same day it was "off the table and he can go to trial and get 25 years to life." (Id.) Petitioner represents that he told his trial counsel that he was not guilty of the charges, but "at the advisement" of counsel, he pled guilty to one of the charged counts and "admitted his prior conviction." (Id.)

Petitioner alleges in his traverse that his trial counsel "deliberately" failed to conduct any pretrial investigation or "make an informed decision of the facts" before advising petitioner to accept the plea offer. (Id. at 7.) He contends that his counsel "knew or should have known" from a review of the evidence that petitioner was not found in possession of any contraband marijuana. (Id.) Petitioner argues that based upon the state of the evidence he could have presented a defense at trial based on the lack of sufficient evidence to support the charges against him.

Petitioner also complains in his traverse that he was not allowed to call trial witnesses in his defense. He states that Officer Guillena could have testified that: (1) the prison's visitor restrooms are located in a restricted area to which inmates do not have access; (2) the restrooms are searched for contraband every day before the inmates arrive to clean; (3) petitioner was not suspected of any illegal activities prior to September 1, 2011; and (4) the contraband was discovered by Officer Guillena the day before petitioner cleaned the area. (Id.) In addition, petitioner contends that Officer Dominguez could have testified that: (1) the bindles confiscated from petitioner did not contain marijuana; and (2) petitioner was not suspected of drug activity prior to September 1, 2011. (Id. at 7-8.) Petitioner argues his trial counsel "failed to investigate

8

at all," and "had no reasonable tactical basis for decisions made because of deficient investigation." (Id. at 9.) Petitioner summarizes his claims for federal habeas relief as follows:

> Both ground one and ground two, set forth trial counsel's failure to investigate and make an informal [sic] decision of the available defenses to his client before advising petitioner erroneously to plea [sic] guilty. Had counsel investigated, counsel would have been aware that count one and count two of the felony complaint was subject to a motion for dismissal for insufficient evidence."

(Id. at 10.) Petitioner explains that the facts support a defense that the contraband marijuana was removed the day before he cleaned the area and that he merely took possession of the replica bindles which did not contain contraband. (Id. at 14.)

All of these latter arguments presented by petitioner are new arguments, and possibly new claims of ineffective assistance of counsel, raised for the first time in petitioner's traverse. Of course, claims raised for the first time in a traverse are improper. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) ("a ground for relief is not properly raised in a Traverse"). In addition, petitioner's claim that his trial counsel failed to conduct sufficient pretrial investigation concerns alleged deficiencies that took place prior to petitioner's entry of his guilty plea. Nonetheless, assuming arguendo that petitioner's claims contained in his traverse are properly before this court, they lack merit and should be rejected.

The applicable legal standards for a claim of ineffective assistance of counsel are set forth in Strickland v. Washington, 466 U.S. 668 (1984). To succeed on a Strickland claim, a defendant must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." Id. at 687. Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." Id. at 687–88 (internal quotation marks omitted). A defendant must also show that counsel's deficient performance resulted in prejudice. Id. at 687. In the context of this case, petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

/////

A reviewing court is required to make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 669. See also Richter, 562 U.S. at 107. Reviewing courts must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. This presumption of reasonableness means that the court must "give the attorneys the benefit of the doubt," and must also "affirmatively entertain the range of possible reasons [defense] counsel may have had for proceeding as they did." Cullen v. Pinholster, ___ U.S. ___, ___, 131 S. Ct. 1388, 1407 (2011) (internal quotation marks and alterations omitted).

Here, petitioner has failed to show either deficient performance or prejudice with respect to his claims of ineffective assistance of counsel. First, there is no evidence before this court that petitioner's trial counsel failed to conduct sufficient investigation prior to giving his advice to petitioner to accept the government's plea offer and to plead guilty. It appears that all of the facts petitioner suggests could have been uncovered by pretrial investigation were already apparent from the documentary evidence supporting the District Attorney's decision to file charges against petitioner. Simply put, no further investigation was necessary to uncover the facts that petitioner did not clean the restrooms until the day after the contraband marijuana was discovered and that he was therefore found in possession of the replica bindles and not the original bindles containing marijuana.

Petitioner may be arguing that his counsel's advice to plead guilty, given those facts, was so unreasonable as to be outside the wide range of reasonable professional assistance. This court disagrees. There was significant circumstantial evidence to support both of the charges against petitioner. Specifically, Officer Guillena became suspicious after petitioner appeared to be unusually eager to clean the restrooms in the visiting area. When petitioner saw two officers approaching him after he cleaned the visiting area, he immediately placed his hand into the waistband of his pants and began quickly moving towards the inmate restroom. Correctional officers then found the replica contraband hidden underneath petitioner's jeans, in the pocket of his shorts, and not in his hands. When he was asked where "it" was by the officers, petitioner

immediately responded.  Given this strong evidence of petitioner's guilt of both attempting to bring drugs into a state prison and attempted possession of an illegal substance in a prison facility, it was not at all unreasonable for his trial counsel to advise petitioner to plead guilty and receive a sentence of four years in prison instead of proceeding to trial, where he was facing a potential third strike sentence of twenty-five years to life in state prison.  In other words, even if trial counsel had uncovered all of the "facts" petitioner now mentions, it was not unreasonable for him to advise petitioner to plead guilty under these circumstances.  This is true even though petitioner was in possession of the replacement bindles and not the original bindles containing marijuana when he was apprehended.  Notably, petitioner was charged with attempted commission of both crimes with which he was charged.  In any event, at the time he pled guilty, petitioner was already aware of all of the "facts" he now suggests his trial counsel failed to discover.  He has therefore failed to show that he would have rejected the favorable plea offer and proceeded to trial if his counsel had conducted further investigation.

With regard to possible trial witnesses, petitioner has failed to demonstrate that Officers Guillena or Dominguez would have agreed to testify at his trial or that they would have testified as petitioner has suggested.  See Dows v. Wood, 211 F.3d 480, 486-87 (9th Cir. 2000) (no ineffective assistance of counsel for failure to call an alleged alibi witnesses where the petitioner did not identify an actual witness, did not provide evidence that the witness would have testified and failed to present an affidavit from the alleged witness the petitioner now claimed should have been called to testify at trial); Grisby v. Blodgett, 130 F.3d 365, 373 (9th Cir. 1997) (same); United States v. Harden, 846 F.2d 1229, 1231-32 (9th Cir. 1988) (no ineffective assistance because of counsel's failure to call a witness where, among other things, there was no evidence in the record that the witness would have testified); United States v. Berry, 814 F.2d 1406, 1409 (9th Cir. 1987) (appellant failed to satisfy the prejudice prong with respect to his ineffective assistance of counsel  claim because he offered no indication of which potential witnesses would have testified to or how their testimony might have changed the outcome of the hearing).  Petitioner has also failed to show that the testimony Officers Guillena or Dominguez allegedly would have given would have resulted in petitioner's acquittal on either of the charges brought against him.

While the transcript of petitioner's plea colloquy was not placed before the court by petitioner, there is also no evidence even suggesting that petitioner's guilty plea was not voluntary and intelligent. As observed, petitioner himself was well aware of the fact that he had been apprehended while in possession of the replacement bindles and not the original bindles containing marijuana, but he elected to plead guilty to the attempted possession charge despite that knowledge. There is no evidence before this court suggesting that petitioner did not understand the charges against him or the consequences of his plea of guilty.

Finally, petitioner's claims that his trial counsel failed to "evaluate and make appropriate inquiries and investigations into the facts of possible available defenses" and failed to conduct any pretrial investigation or "make an informed decision of the facts" before advising petitioner to accept the plea offer, are vague and conclusory and federal habeas relief should be denied on that basis. See Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("It is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'")). Petitioner has presented no evidence in this case suggesting that further investigation by trial counsel would have resulted in a different outcome. Petitioner's bald allegations alone fail to rebut the "strong presumption" that his trial counsel rendered competent assistance. See Detrich v. Ryan, 740 F.3d 1237, 1276 (9th Cir. 2013).

**IV. Conclusion**

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  August 10, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
Wilson2590.hc